BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

MICHAEL J. PERRY, ESQ.,
A PROFESSIONAL LAW CORPORATION
Michael J. Perry (SBN 123214)
  mjp@michaeljperrylaw.com
4640 Admiralty Way, Suite 500
Marina Del Rey, CA 90292
Telephone: (310) 496-5710
Facsimile:  (310) 306-3456

Attorneys for Plaintiff
STARSHIP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STARSHIP, LLC dba ROCKSTAR ORIGINAL, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GHACHAM, INC., a California corporation; GFTD, an unknown business entity; ALI DAOUD GHACHAM, an individual; MOHAMED GHACHAM, an individual; and DOES 1-10, inclusive;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 101 et seq.];**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**(4) MISAPPROPRIATION OF TRADE SECRETS [CAL. CIV. C. §§ 3426 et seq.]; AND**<br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Starship, LLC, as and for its complaint against defendants Ghacham, Inc., GFTD, Ali Daoud Ghacham, Mohamed Ghacham, and Does 1-10, inclusive, alleges as follows:

## PARTIES

1.      Plaintiff Starship, LLC ("Starship" or "Plaintiff") is a California limited liability company with its principal place of business in Los Angeles, California.

2.      Plaintiff is informed and believes, and thereon alleges, that defendant Ghacham, Inc. is a California corporation with its principal place of business in Paramount, California.

3.      Plaintiff is informed and believes, and thereon alleges, that defendant GFTD is an unknown business entity with its principal place of business in Paramount, California.

4.      Plaintiff is informed and believes, and thereon alleges, that defendant Ali Daoud Ghacham ("Ali Ghacham") is an individual residing in Los Angeles county, California.

5.      Plaintiff is informed and believes, and thereon alleges, that defendant Mohamed Ghacham is an individual residing in Los Angeles county, California.

6.      Plaintiff does not know the true names or capacities of the defendants sued herein as Does 1 through 10 and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to reference their true names and capacities when Plaintiff has ascertained such information.

7.      Plaintiff is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the defendants was the agent and representative of the other defendants, acting within the purpose and scope of said agency and representation, and that each of the defendants authorized and ratified the conduct of each of the other defendants herein alleged.

8.      Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times mentioned herein there existed, a unity of interest between

defendants Ghacham, Inc. and GFTD and the other defendants such that any individuality and separateness between said defendants has ceased; each of the defendants is the alter ego of the other defendants or in a common enterprise with the other defendants; and adherence to the fiction of the separate existence of the defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Copyright Act.  17 U.S.C. §§ 101, *et seq.*  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

10.      Venue in this district is proper under 28 U.S.C. section 1391 because defendants are subject to personal jurisdiction here, and Plaintiff has suffered injury here.

11.      This Court has personal jurisdiction over defendants because, upon information and belief, defendants are domiciled in California.  This Court also has personal jurisdiction over defendants because, on information and belief, defendants regularly market and sell goods, including the goods at issue in this case, to customers in California.

## GENERAL ALLEGATIONS

12.      In or around 2008, Plaintiff Starship began designing and distributing denim and other apparel items under the moniker "Rockstar Original."  Starship remains active in this business, selling ever-growing quantities merchandise via direct sales on its website, http://www.rockstaroriginal.com, and through third-party retailers.  Starship's annual revenues have grown three-fold in each of the last two years.  This growth did not come cheaply or easily, however.  Instead, as with most successful business ventures that play by the rules, success was the product of market research, an investment in and development of new designs, trial and error,

long hours, and hard work.

13.    Though Starship designs its apparel in house, it relies on third-party manufacturers for production.  For the last several years, one such third party has been Ghacham, Inc.  Starship is informed and believes, and thereon alleges, that defendants Ali Ghacham and Mohamed Ghacham are both principals and representatives of Ghacham, Inc.

14.    Ghacham, Inc.'s status as one of Starship's manufacturers inherently placed it in a position of trust relative to Starship.  In particular, as a manufacturer, Ghacham, Inc. gained access to confidential and propriety information, that would be of great advantage to a competitor.  This information ("Proprietary Information") included among other things:

- Knowledge of Starship's designs months before they hit the market.
- Starship's "tech packs"—a proprietary set of design measurements, wash instructions (for pre-washed apparel such as blue jeans), sizing information, specifications for embroidery and embellishments – the complete "recipe" for manufacturing Starship's apparel in all required sizes and colorways.
- Starship's ordering and reordering information, which was a guide to which styles proved popular and "best sellers."  For example, if Starship ordered a particular design in increasing quantities year over year, or if Starship placed a reorder shortly after a design was released, Ghacham, Inc. could deduce that the design was selling well.

15.    Because of the risks associated with entrusting a third-party manufacturer with this Proprietary Information – in essence, all information necessary to jumpstart a successful, competitive business – industry custom and practice is that third-party manufacturers do not share such information with outsiders or use it for their own advantage or that of competitors.  To confirm defendants' adherence to this industry custom and practice, Starship manager Frank

Mechaly had an express conversation on the subject with Ali Ghacham.  The conversation took place in Starship's offices in or around the summer of 2019. Starship employee Jay Andrews was also present.  Mr. Mechaly asked Ali Ghacham to confirm that he and Ghacham, Inc. adhered to industry custom and practice and would commit to maintaining the confidentiality of the Proprietary Information, not share it with Starship's competitors (including but not limited to one to which Ghacham, Inc. had recently begun providing services) or use the information to open or operate a competing venture.  Ali Ghacham unequivocally agreed and provided the requested assurances.

16.     Ali Ghacham, it would turn out, was not being honest.  In or around May 2021, Starship representatives discovered that a new competitor had popped up and begun offering merchandise that bore striking resemblances to Starship's designs.  The competitor was operating online via the URL https://gftdla.com.  The following table depicts certain examples of the competitor's copying:

| Design | Starship Version | GFTDLA Version |
|---|---|---|
| Diamond Jean – Blue Flames |  |  |

| Elon Jean |  |  |
|---|---|---|
| Stark Jean |  |  |
| Uriel Jacket |  |  |
| Gambler Jean |  |  |

1   Shortly after discovering the website, Mr. Mechaly took preliminary steps to contact
2   whoever was behind it, to confront that person, and demand that he immediately
3   stop copying Starship's designs.  When Mr. Mechaly began dialing the phone
4   number listed on the site's "Contact Us" page, however, he was stopped in his tracks
5   as his phone recognized the number as that of Ali Ghacham – who until that
6   moment Mr. Mechaly had thought of a trusted business associate.  Based on this
7   information, Plaintiff is informed and believes, and thereon alleges, that defendants
8   started the https://gftdla.com website to compete unfairly with Starship.  In short,
9   defendants are leveraging their insider knowledge as to the Starship's most
10  successful designs and tech-pack specifications (i.e., the Proprietary Information) to
11  gain an improper leg up.

12          17.     Starship has registered its copyright in the Diamond Jean – Blue
13  Flames, the Elon Jean, the Stark Jean, the Uriel Jacket, and the Gambler Jean
14  designs.  Starship's claims to the copyrights in these designs have been assigned
15  registration numbers VA0002253829, VA0002253826, VA0002253832,
16  VA0002253824, and VA0002229020 by the Copyright Office, respectively.

17          18.     On information and belief, the effective date for the registration of the
18  Gambler Jean design predates the commencement of Defendants' infringing use of
19  that design.

20                      **FIRST CLAIM FOR RELIEF**
21              **(Copyright Infringement - Against All Defendants)**

22          19.     Starship re-alleges and incorporates herein by reference each and every
23  allegation set forth above.

24          20.     Starship has complied in all respects with the copyright laws of the
25  United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and
26  privileges in and to the original expression in the following copyrights that have
27  been duly registered with the U.S. Copyright Office:  Rockstar Original Diamond
28  Jean – Blue Flames, Rockstar Original Elon Jean, Rockstar Original Stark Jean,

1   Rockstar Original Uriel Jacket, and Rockstar Original Gambler Jean.

2      21.   Defendants had access to Starship's copyrighted works as a result of
3   their status as Starship's manufacturer.

4      22.   Defendants did not have permission to use Starship's copyrighted
5   designs for any purpose other than manufacturing for Starship.

6      23.   Defendants infringed Starship's copyrights by, for their own account,
7   advertising, marketing, creating, displaying, offering for sale, selling, distributing,
8   and profiting from products incorporating protectable expression taken from
9   Starship's copyrighted designs.

10      24.   Defendants infringed Starship's copyrights willfully.

11      25.   As a direct and proximate result of defendants' infringement of
12   Starship's copyrights, Starship has been harmed, and defendants have profited, in a
13   sum in excess of $1million, to be proven at trial.  Alternatively, at Starship's
14   election, Starship is entitled to statutory damages in an amount no less than
15   $150,000 per copyright.

16      26.   Starship is informed and believes, and thereon alleges, that, unless
17   enjoined from doing so, defendants will continue to infringe Starship's copyrights,
18   resulting in irreparable harm to Starship's business and a multiplicity of actions in
19   this Court.

20   **<u>SECOND CLAIM FOR RELIEF</u>**

21   **(Contributory Copyright Infringement – Against All Defendants)**

22      27.   Starship re-alleges and incorporates herein by reference each and every
23   allegation set forth above.

24      28.   Defendants have been and continue to be aware of – and have
25   contributed and continue to contribute to – the infringement of Starship's copyrights
26   via the sale of infringing goods on defendants' website.

27      29.   Starship has been damaged by, and defendants have profited from,
28   defendants' contributory copyright infringement.

30.     To remedy Defendants' contributory copyright infringement, Starship is entitled to all of the remedies for direct copyright infringement.

### THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement – Against All Defendants)

31.     Starship re-alleges and incorporates herein by reference each and every allegation set forth above.

32.     Starship is informed and believes, and thereon alleges, that defendants receive several direct financial benefits from the infringement of Starship's copyrights taking place on defendants' website.  First, defendants profit from the sale of the infringing goods on the website.  Second, the availability of the infringing goods draws customers to the site, allowing defendants to make money through the sale of non-infringing goods, displayed for sale on the website.

33.     Defendants have the legal right to stop or limit the copyright infringement on their website and the practical ability to do so.  Defendants have the ability and means to monitor the site for infringing designs and the right to remove them.

34.     Starship has been damaged by, and defendants have profited from, defendants' vicarious copyright infringement.  To remedy defendants' vicarious copyright infringement, Starship is entitled to all of the remedies for direct copyright infringement.

### FOURTH CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets – Against All Defendants)

35.     Starship re-alleges and incorporates herein by reference each and every allegation set forth above.

36.     Starship owns the Proprietary Information, which derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

37.     Starship undertook efforts that are reasonable under the circumstances

to maintain the secrecy of the Proprietary Information.  These steps included, but were not limited to, the following:  (i) limiting the dissemination of such information to those who need to know it to perform their jobs for Starship; (ii) periodically reminding Starship employees that such information is confidential and not to be shared with outsiders; (iii) relying on industry custom and practice, as described above, that third-party manufacturers do not share such information with outsiders or use it for their own advantage or that of competitors; and (v) confirming with Ali Ghacham that defendants would adhere to industry custom and practice in these respects.

38.     Defendants improperly used Starship's Proprietary Information, without express or implied consent from Starship, for the purpose of setting up a venture to compete against Starship in the marketplace and actually competing against Starship.  At the time defendants did so, they knew or had reason to know that their knowledge of Starship's Proprietary Information had been acquired under circumstances creating a legal obligation to maintain its secrecy and limit its use to the specific purposes for which the information had been disclosed.

39.     As a direct and proximate result of defendants' misappropriation of Starship's Proprietary Information, Starship has been harmed, and defendants have been unjustly enriched, in a sum in excess of $1 million, to be proven at trial.

40.     Starship is informed and believes, and thereon alleges, that defendants committed the foregoing acts willfully, with oppression, fraud, and/or malice, and in conscious disregard of Starship's rights.  Starship is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

41.     Starship is informed and believes, and thereon alleges, that, unless enjoined from doing so, defendants will continue to misuse Starship's Proprietary Information, resulting in irreparable harm to Starship's business and a multiplicity of actions in this Court.

COMPLAINT

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition – Against All Defendants)**

42.     Starship re-alleges and incorporates herein by reference each and every allegation set forth above.

43.     Defendants' unauthorized use of Starship's Proprietary Information constitutes an unlawful, unfair, or fraudulent business practice that gave defendants an unfair advantage over Starship in the marketplace.  In addition, through use of Starship's Proprietary Information, defendants have created products so resembling those of Starship as to create consumer confusion regarding the source of the products.  In this way, defendants have been palming off their products as those of Starship.

44.     As a direct and proximate result of defendants' unfair competition, as hereinabove alleged, Starship has been harmed, and defendants have been unjustly enriched, in a sum in excess of $1 million, to be proven at trial.

45.     Starship is informed and believes, and thereon alleges, that defendants committed the foregoing acts willfully, with oppression, fraud, and/or malice, and in conscious disregard of Starship's rights.  Starship is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

46.     Starship is informed and believes, and thereon alleges, that, unless enjoined from doing so, defendants will continue to misuse Starship's Proprietary Information, resulting in irreparable harm to Starship's business and a multiplicity of actions in this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Starship prays for relief against defendants, and each of them, as follows:

1.     For preliminary and permanent injunctions enjoining and restraining defendants and their agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with defendants, from:  (i)

designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Starship's copyrighted designs and (ii) from continuing to use Starship's Proprietary Information;

2.      For an order requiring the destruction of all of:  (i) all copies of Starship's Proprietary Information, (ii) defendants' infringing products and those created through use of Starship's Proprietary Information, and (iii) the destruction of all marketing, advertising, or promotional materials depicting those products;

3.      For an accounting of all profits obtained by defendants from sales of the infringing products, and those created through use of Starship's Proprietary Information, and an order that Defendants hold all such profits in a constructive trust for the benefit of Starship;

4.      For an award to Starship of all profits earned by Defendants from their infringing acts and misappropriation of the Proprietary Information;

5.      For compensatory damages, in excess of $1 million, according to proof;

6.      For statutory damages of $150,000 per registered copyright;

7.      For punitive damages, according to proof;

8.      For pre-judgment interest on all damages awarded by this Court;

9.      For reasonable attorney's fees and costs of suit incurred herein; and

1          10.    For such other and further relief as the Court deems just and proper.

2    Dated:  June 7, 2021               MICHAEL J. PERRY, ESQ.,

3                                            A PROFESSIONAL LAW CORPORATION

4                                            BROWNE GEORGE ROSS

5                                            O'BRIEN ANNAGUEY & ELLIS LLP
                                            Peter W. Ross

6                                                Eric C. Lauritsen

7

8                                      By:    /s/ Peter W. Ross

9                                                Peter W. Ross

10                                     Attorneys for Plaintiff
                                  STARSHIP, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  June 7, 2021

MICHAEL J. PERRY, ESQ.,
A PROFESSIONAL LAW CORPORATION

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Peter W. Ross
   Eric C. Lauritsen


By:   <u>    */s/ Peter W. Ross*                    </u>
            Peter W. Ross
Attorneys for Plaintiff
STARSHIP, LLC