1

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP

2

Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com

3

Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com

4

2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

5

Telephone: (310) 274-7100
Facsimile: (310) 275-5697

6

7

Attorneys for Plaintiff and Counter-
Defendant Starship, LLC and Third Party
Defendants Frank Mechaly and David
Mathey

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12

13

STARSHIP, LLC dba ROCKSTAR
ORIGINAL, a California limited
liability company,

14

15

Plaintiff,

16

vs.

17

18

GHACHAM, INC., a California
corporation; GFTD, an unknown
business entity; ALI DAOUD
GHACHAM, an individual;
MOHAMED GHACHAM, an
individual; and DOES 1-10, inclusive;

19

20

21

22

Defendants.

23

GHACHAM, INC., a California
corporation,

24

25

Counter-Claimant,

Case No. 2:21-CV-04665-JAK (JEMx)

District Judge John A. Kronstadt

**STIPULATED PROTECTIVE
ORDER[1]**

Trial Date:  None Set

26

27

[1] This Stipulated Protective Order is based substantially on the model protective

28

order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

1
2          vs.

3   STARSHIP, LLC dba ROCKSTAR
    ORIGINAL, a California limited
4   liability company; FRANK
    MECHALY, an individual; DAVID
5   MATHEWS, an individual; and DOES
    1-10, inclusive.
6

7              Counter-Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information

1  will not be designated as confidential for tactical reasons and that nothing be so

2  designated without a good faith belief that it has been maintained in a confidential,

3  non-public manner, and there is good cause why it should not be part of the public

4  record of this case.

5          C.       ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

6                   SEAL

7          The parties further acknowledge, as set forth in Section 12.3, below, that this

8  Stipulated Protective Order does not entitle them to file confidential information

9  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

10 and the standards that will be applied when a party seeks permission from the court

11 to file material under seal.

12         There is a strong presumption that the public has a right of access to judicial

13 proceedings and records in civil cases. In connection with non-dispositive motions,

14 good cause must be shown to support a filing under seal. *See Kamakana v. City and*

15 *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

16 *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

17 *Inc*., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

18 require good cause showing), and a specific showing of good cause or compelling

19 reasons with proper evidentiary support and legal justification, must be made with

20 respect to Protected Material that a party seeks to file under seal. The parties' mere

21 designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

22 without the submission of competent evidence by declaration, establishing that the

23 material sought to be filed under seal qualifies as confidential, privileged, or

24 otherwise protectable—constitute good cause.

25         Further, if a party requests sealing related to a dispositive motion or trial, then

26 compelling reasons, not only good cause, for the sealing must be shown, and the

27 relief sought shall be narrowly tailored to serve the specific interest to be protected.

28 *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For

1  each item or type of information, document, or thing sought to be filed or introduced

2  under seal in connection with a dispositive motion or trial, the party seeking

3  protection must articulate compelling reasons, supported by specific facts and legal

4  justification, for the requested sealing order. Again, competent evidence supporting

5  the application to file documents under seal must be provided by declaration.

6       Any document that is not confidential, privileged, or otherwise protectable in

7  its entirety will not be filed under seal if the confidential portions can be redacted. If

8  documents can be redacted, then a redacted version for public viewing, omitting

9  only the confidential, privileged, or otherwise protectable portions of the document,

10 shall be filed. Any application that seeks to file documents under seal in their

11 entirety should include an explanation of why redaction is not feasible.

12 2.    DEFINITIONS

13     2.1   Action: this pending federal lawsuit.

14     2.2   Challenging Party: a Party or Non-Party that challenges the designation

15 of information or items under this Order.

16     2.3   "CONFIDENTIAL" Information or Items: information (regardless of

17 how it is generated, stored or maintained) or tangible things that qualify for

18 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

19 the Good Cause Statement.

20     2.4   Counsel: Outside Counsel of Record and House Counsel (as well as

21 their support staff).

22     2.5   Designating Party: a Party or Non-Party that designates information or

23 items that it produces in disclosures or in responses to discovery as

24 "CONFIDENTIAL."

25     2.6   Disclosure or Discovery Material: all items or information, regardless

26 of the medium or manner in which it is generated, stored, or maintained (including,

27 among other things, testimony, transcripts, and tangible things), that are produced or

28 generated in disclosures or responses to discovery in this matter.

-3-

Case No. 2:21-CV-04665-JAK (JEMx)

STIPULATED PROTECTIVE ORDER

1    2.7    Expert: a person with specialized knowledge or experience in a matter

2 pertinent to the litigation who has been retained by a Party or its counsel to serve as

3 an expert witness or as a consultant in this Action.

4    2.8    House Counsel: attorneys who are employees of a party to this Action.

5 House Counsel does not include Outside Counsel of Record or any other outside

6 counsel.

7    2.9    Non-Party: any natural person, partnership, corporation, association or

8 other legal entity not named as a Party to this action.

9    2.10    Outside Counsel of Record: attorneys who are not employees of a party

10 to this Action but are retained to represent or advise a party to this Action and have

11 appeared in this Action on behalf of that party or are affiliated with a law firm that

12 has appeared on behalf of that party, and includes support staff.

13    2.11    Party: any party to this Action, including all of its officers, directors,

14 employees, consultants, retained experts, and Outside Counsel of Record (and their

15 support staffs).

16    2.12    Producing Party: a Party or Non-Party that produces Disclosure or

17 Discovery Material in this Action.

18    2.13    Professional Vendors: persons or entities that provide litigation support

19 services (e.g., photocopying, videotaping, translating, preparing exhibits or

20 demonstrations, and organizing, storing, or retrieving data in any form or medium)

21 and their employees and subcontractors.

22    2.14    Protected Material: any Disclosure or Discovery Material that is

23 designated as "CONFIDENTIAL."

24    2.15    Receiving Party: a Party that receives Disclosure or Discovery Material

25 from a Producing Party.

26 3.    SCOPE

27    The protections conferred by this Stipulation and Order cover not only

28 Protected Material (as defined above), but also (1) any information copied or

1   extracted from Protected Material; (2) all copies, excerpts, summaries, or

2   compilations of Protected Material; and (3) any testimony, conversations, or

3   presentations by Parties or their Counsel that might reveal Protected Material.

4   　　　Any use of Protected Material at trial shall be governed by the orders of the

5   trial judge. This Order does not govern the use of Protected Material at trial.

6   4.　　DURATION

7   　　　Once a case proceeds to trial, information that was designated as

8   CONFIDENTIAL or maintained pursuant to this protective order used or introduced

9   as an exhibit at trial becomes public and will be presumptively available to all

10  members of the public, including the press, unless compelling reasons supported by

11  specific factual findings to proceed otherwise are made to the trial judge in advance

12  of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

13  showing for sealing documents produced in discovery from "compelling reasons"

14  standard when merits-related documents are part of court record). Accordingly, the

15  terms of this protective order do not extend beyond the commencement of the trial.

16  5.　　DESIGNATING PROTECTED MATERIAL

17  　　　5.1　　Exercise of Restraint and Care in Designating Material for Protection.

18  Each Party or Non-Party that designates information or items for protection under

19  this Order must take care to limit any such designation to specific material that

20  qualifies under the appropriate standards. The Designating Party must designate for

21  protection only those parts of material, documents, items or oral or written

22  communications that qualify so that other portions of the material, documents, items

23  or communications for which protection is not warranted are not swept unjustifiably

24  within the ambit of this Order.

25  　　　Mass, indiscriminate or routinized designations are prohibited. Designations

26  that are shown to be clearly unjustified or that have been made for an improper

27  purpose (e.g., to unnecessarily encumber the case development process or to impose

28  unnecessary expenses and burdens on other parties) may expose the Designating

1    Party to sanctions.

2         If it comes to a Designating Party's attention that information or items that it

3    designated for protection do not qualify for protection, that Designating Party must

4    promptly notify all other Parties that it is withdrawing the inapplicable designation.

5         5.2    Manner and Timing of Designations. Except as otherwise provided in

6    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

7    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

8    under this Order must be clearly so designated before the material is disclosed or

9    produced.

10        Designation in conformity with this Order requires:

11        (a)    for information in documentary form (e.g., paper or electronic

12   documents, but excluding transcripts of depositions or other pretrial or trial

13   proceedings), that the Producing Party affix at a minimum, the legend

14   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

15   contains protected material. If only a portion of the material on a page qualifies for

16   protection, the Producing Party also must clearly identify the protected portion(s)

17   (e.g., by making appropriate markings in the margins).

18        A Party or Non-Party that makes original documents available for inspection

19   need not designate them for protection until after the inspecting Party has indicated

20   which documents it would like copied and produced. During the inspection and

21   before the designation, all of the material made available for inspection shall be

22   deemed "CONFIDENTIAL." After the inspecting Party has identified the

23   documents it wants copied and produced, the Producing Party must determine which

24   documents, or portions thereof, qualify for protection under this Order. Then, before

25   producing the specified documents, the Producing Party must affix the

26   "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

27   portion of the material on a page qualifies for protection, the Producing Party also

28   must clearly identify the protected portion(s) (e.g., by making appropriate markings

-6-                          Case No. 2:21-CV-04665-JAK (JEMx)
STIPULATED PROTECTIVE ORDER

1   in the margins).

2        (b) for testimony given in depositions that the Designating Party identifies the

3   Disclosure or Discovery Material on the record, before the close of the deposition all

4   protected testimony.

5        (c) for information produced in some form other than documentary and for

6   any other tangible items, that the Producing Party affix in a prominent place on the

7   exterior of the container or containers in which the information is stored the legend

8   "CONFIDENTIAL." If only a portion or portions of the information warrants

9   protection, the Producing Party, to the extent practicable, shall identify the protected

10   portion(s).

11        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

12   failure to designate qualified information or items does not, standing alone, waive

13   the Designating Party's right to secure protection under this Order for such material.

14   Upon timely correction of a designation, the Receiving Party must make reasonable

15   efforts to assure that the material is treated in accordance with the provisions of this

16   Order.

17   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

18        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

19   designation of confidentiality at any time that is consistent with the Court's

20   Scheduling Order.

21        6.2    Meet and Confer. The Challenging Party shall initiate the dispute

22   resolution process under Local Rule 37-1 et seq.

23        6.3    Joint Stipulation. Any challenge submitted to the Court shall be via a

24   joint stipulation pursuant to Local Rule 37-2.

25        6.4 The burden of persuasion in any such challenge proceeding shall be on the

26   Designating Party. Frivolous challenges, and those made for an improper purpose

27   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

28   expose the Challenging Party to sanctions. Unless the Designating Party has waived

Case No. 2:21-CV-04665-JAK (JEMx)
STIPULATED PROTECTIVE ORDER

1 or withdrawn the confidentiality designation, all parties shall continue to afford the

2 material in question the level of protection to which it is entitled under the

3 Producing Party's designation until the Court rules on the challenge.

4 7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5      7.1    Basic Principles. A Receiving Party may use Protected Material that is

6 disclosed or produced by another Party or by a Non-Party in connection with this

7 Action only for prosecuting, defending or attempting to settle this Action. Such

8 Protected Material may be disclosed only to the categories of persons and under the

9 conditions described in this Order. When the Action has been terminated, a

10 Receiving Party must comply with the provisions of section 13 below (FINAL

11 DISPOSITION).

12      Protected Material must be stored and maintained by a Receiving Party at a

13 location and in a secure manner that ensures that access is limited to the persons

14 authorized under this Order.

15      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

16 otherwise ordered by the court or permitted in writing by the Designating Party, a

17 Receiving Party may disclose any information or item designated

18 "CONFIDENTIAL" only to:

19      (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

20 employees of said Outside Counsel of Record to whom it is reasonably necessary to

21 disclose the information for this Action;

22      (b) the officers, directors, and employees (including House Counsel) of the

23 Receiving Party to whom disclosure is reasonably necessary for this Action;

24      (c) Experts (as defined in this Order) of the Receiving Party to whom

25 disclosure is reasonably necessary for this Action and who have signed the

26 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27      (d) the court and its personnel;

28      (e) court reporters and their staff;

1    (f) professional jury or trial consultants, mock jurors, and Professional

2  Vendors to whom disclosure is reasonably necessary for this Action and who have

3  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (g) the author or recipient of a document containing the information or a

5  custodian or other person who otherwise possessed or knew the information;

6    (h) during their depositions, witnesses, and attorneys for witnesses, in the

7  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

8  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

9  not be permitted to keep any confidential information unless they sign the

10  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

11  agreed by the Designating Party or ordered by the court. Pages of transcribed

12  deposition testimony or exhibits to depositions that reveal Protected Material may

13  be separately bound by the court reporter and may not be disclosed to anyone except

14  as permitted under this Stipulated Protective Order;

15    (i) any mediator or settlement officer, and their supporting personnel,

16  mutually agreed upon by any of the parties engaged in settlement discussions; and

17    (j) appropriate representatives of the Receiving Party's insurance carrier.

18  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

19         IN OTHER LITIGATION

20    If a Party is served with a subpoena or a court order issued in other litigation

21  that compels disclosure of any information or items designated in this Action as

22  "CONFIDENTIAL," that Party must:

23    (a) promptly notify in writing the Designating Party. Such notification shall

24  include a copy of the subpoena or court order;

25    (b) promptly notify in writing the party who caused the subpoena or order to

26  issue in the other litigation that some or all of the material covered by the subpoena

27  or order is subject to this Protective Order. Such notification shall include a copy of

28  this Stipulated Protective Order; and

1    (c) cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with

4    the subpoena or court order shall not produce any information designated in this

5    action as "CONFIDENTIAL" before a determination by the court from which the

6    subpoena or order issued, unless the Party has obtained the Designating Party's

7    permission. The Designating Party shall bear the burden and expense of seeking

8    protection in that court of its confidential material and nothing in these provisions

9    should be construed as authorizing or encouraging a Receiving Party in this Action

10   to disobey a lawful directive from another court.

11   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

12          PRODUCED IN THIS LITIGATION

13       (a) The terms of this Order are applicable to information produced by a Non-

14   Party in this Action and designated as "CONFIDENTIAL." Such information

15   produced by Non-Parties in connection with this litigation is protected by the

16   remedies and relief provided by this Order. Nothing in these provisions should be

17   construed as prohibiting a Non-Party from seeking additional protections.

18       (b) In the event that a Party is required, by a valid discovery request, to

19   produce a Non-Party's confidential information in its possession, and the Party is

20   subject to an agreement with the Non-Party not to produce the Non-Party's

21   confidential information, then the Party shall:

22       (1) promptly notify in writing the Requesting Party and the Non-Party that

23   some or all of the information requested is subject to a confidentiality agreement

24   with a Non-Party;

25       (2) promptly provide the Non-Party with a copy of the Stipulated Protective

26   Order in this Action, the relevant discovery request(s), and a reasonably specific

27   description of the information requested; and

28       (3) make the information requested available for inspection by the Non-Party,

1    if requested.

2         (c) If the Non-Party fails to seek a protective order from this court within 14

3    days of receiving the notice and accompanying information, the Receiving Party

4    may produce the Non-Party's confidential information responsive to the discovery

5    request. If the Non-Party timely seeks a protective order, the Receiving Party shall

6    not produce any information in its possession or control that is subject to the

7    confidentiality agreement with the Non-Party before a determination by the court.

8    Absent a court order to the contrary, the Non-Party shall bear the burden and

9    expense of seeking protection in this court of its Protected Material.

10   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12   Protected Material to any person or in any circumstance not authorized under this

13   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

14   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

15   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

16   persons to whom unauthorized disclosures were made of all the terms of this Order,

17   and (d) request such person or persons to execute the "Acknowledgment and

18   Agreement to Be Bound" that is attached hereto as Exhibit A.

19   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

20         PROTECTED MATERIAL

21        When a Producing Party gives notice to Receiving Parties that certain

22   inadvertently produced material is subject to a claim of privilege or other protection,

23   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

24   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

25   may be established in an e-discovery order that provides for production without

26   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

27   as the parties reach an agreement on the effect of disclosure of a communication or

28   information covered by the attorney-client privilege or work product protection, the

1 parties may incorporate their agreement in the stipulated protective order submitted

2 to the court.

3 12. <u>MISCELLANEOUS</u>

4       12.1 Right to Further Relief. Nothing in this Order abridges the right of any

5 person to seek its modification by the Court in the future.

6       12.2 Right to Assert Other Objections. By stipulating to the entry of this

7 Protective Order, no Party waives any right it otherwise would have to object to

8 disclosing or producing any information or item on any ground not addressed in this

9 Stipulated Protective Order. Similarly, no Party waives any right to object on any

10 ground to use in evidence of any of the material covered by this Protective Order.

11       12.3 Filing Protected Material. A Party that seeks to file under seal any

12 Protected Material must comply with Local Civil Rule 79-5. Protected Material may

13 only be filed under seal pursuant to a court order authorizing the sealing of the

14 specific Protected Material at issue. If a Party's request to file Protected Material

15 under seal is denied by the court, then the Receiving Party may file the information

16 in the public record unless otherwise instructed by the court.

17 13. <u>FINAL DISPOSITION</u>

18       After the final disposition of this Action, as defined in paragraph 4, within 60

19 days of a written request by the Designating Party, each Receiving Party must return

20 all Protected Material to the Producing Party or destroy such material. As used in

21 this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

22 summaries, and any other format reproducing or capturing any of the Protected

23 Material. Whether the Protected Material is returned or destroyed, the Receiving

24 Party must submit a written certification to the Producing Party (and, if not the same

25 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

26 (by category, where appropriate) all the Protected Material that was returned or

27 destroyed and (2) affirms that the Receiving Party has not retained any copies,

28 abstracts, compilations, summaries or any other format reproducing or capturing any

1 of the Protected Material. Notwithstanding this provision, Counsel are entitled to

2 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

3 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4 reports, attorney work product, and consultant and expert work product, even if such

5 materials contain Protected Material. Any such archival copies that contain or

6 constitute Protected Material remain subject to this Protective Order as set forth in

7 Section 4 (DURATION).

8 14.     VIOLATION

9         Any violation of this Order may be punished by appropriate measures

10 including, without limitation, contempt proceedings and/or monetary sanctions.

11

12 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 DATED:  November 2, 2021          BROWNE GEORGE ROSS
                                     O'BRIEN ANNAGUEY & ELLIS LLP
14                                        Peter W. Ross
15                                        Eric C. Lauritsen

16

17                                   By:    _____ */s/ Peter W. Ross* _____
                                            Peter W. Ross
18                                   Attorneys for Plaintiff and Counter-Defendant
19                                   Starship, LLC and Third Party Defendants
                                     Frank Mechaly and David Mathey
20

21
   DATED:  November 2, 2021          MURPHY, PEARSON, BRADLEY &
22                                   FEENEY
                                          Keith G. Adams
23                                        Joshua Y. Quaye
24

25
                                     By:    _____ */s/ Keith G. Adams* _____
26                                          Keith G. Adams
27                                   Attorneys for Defendants Ghacham, Inc, Ali
                                     Daoud Ghacham, and Mohamed Ghacham
28

                                     -13-          Case No. 2:21-CV-04665-JAK (JEMx)

DATED:  November 2, 2021          ARMINAK LAW, APC
                                  Tamar G. Arminak
                                  Nelly Ispiryan
                                  Mary S. Boyadjian


                                  By:    _/s/ Tamar G. Arminak_____
                                         Tamar G. Arminak
                                  Attorneys for Counter-Claimant Ghacham, Inc.

        Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Eric Lauritsen, attest that all other

signatories listed, and on whose behalf this filing is submitted, concur in the filing's

content and have authorized the filing.

                                         /s Eric Lauritsen_____
                                         Eric Lauritsen

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:  _11/3/2021_____

_____
JOHN E. MCDERMOTT
United States Magistrate Judge

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury

5

that I have read in its entirety and understand the Stipulated Protective Order that

6

was issued by the United States District Court for the Central District of California

7

on _____ [date] in the case of *Starship,* LLC dba Rockstar Original v.

8

Ghacham, Inc. et al., Case No. 2:21-CV-04665-JAK (JEMx). I agree to comply with

9

and to be bound by all the terms of this Stipulated Protective Order and I understand

10

and acknowledge that failure to so comply could expose me to sanctions and

11

punishment in the nature of contempt. I solemnly promise that I will not disclose in

12

any manner any information or item that is subject to this Stipulated Protective

13

Order to any person or entity except in strict compliance with the provisions of this

14

Order. I further agree to submit to the jurisdiction of the United States District Court

15

for the Central District of California for enforcing the terms of this Stipulated

16

Protective Order, even if such enforcement proceedings occur after termination of

17

this action. I hereby appoint _____ [print or type full

18

name] of _____ [print or type full address

19

and telephone number] as my California agent for service of process in connection

20

with this action or any proceedings related to enforcement of this Stipulated

21

Protective Order.

22

Date: _____

23

City and State where sworn and signed: _____

Printed name: _____

24

Signature: _____

25

26

27

28